IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 1, 2019

### JOEL DAVID CORMIER v. PAT HANKINS ET AL.

**Appeal from the Circuit Court for Greene County**
**No. CC17CV124BB        Beth Boniface, Judge**

_____

### No. E2018-00396-COA-R3-CV

_____

A prisoner filed suit against a fellow inmate and several county defendants. The county defendants filed a motion to dismiss for failure to state a claim. The trial court granted the motion to dismiss and dismissed the prisoner's cause of action as to the county defendants. The prisoner appealed. Because the order appealed does not dispose of all of the prisoner's claims against all defendants, we dismiss the appeal for lack of a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J. and J. STEVEN STAFFORD, P.J., W.S., joined.

Joel David Cormier, pro se appellant.

Roger A. Woolsey, Greeneville, Tennessee, for the appellees, Pat Hankins, Greene County Sheriff's Department, and Roger Willett, Greene County Jail.

### MEMORANDUM OPINION[1]

On March 13, 2017, in the Circuit Court of Greene County, Joel David Cormier filed a complaint against Erick Eugene Jones, Jr., Pat Hankins, Roger Willett, the Greene County Sheriff's Department, and the Greene County Jail. Mr. Jones filed an answer denying all allegations against him. But no answer was filed on behalf of the Greene County defendants.

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

On July 6, 2017, Mr. Cormier moved for a default judgment. Shortly thereafter, the Greene County defendants filed a Rule 12.02(6) motion to dismiss for failure to state a claim for which relief may be granted. In response, Mr. Cormier moved to strike the motion to dismiss and demanded a hearing on his motion for default judgment.

After a hearing, the trial court declined to grant a default judgment. And in an order entered on February 16, 2018, the court granted the motion to dismiss filed by the Greene County defendants and dismissed the "cause of action as to those named Defendants." Mr. Cormier then filed a notice of appeal under Tennessee Rule of Appellate Procedure 3.

Under Tennessee Rule of Appellate Procedure 3(a), an appeal "as of right" only lies from a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). Generally, a final judgment is a judgment "that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009). An order that resolves fewer than all the claims between all the parties is not a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

Here, the trial court dismissed the claims against the Greene County defendants but did not dismiss or otherwise resolve the claims against Mr. Jones. And the court did not certify the judgment as final under Tennessee Rule of Civil Procedure 54.02. So the judgment is not final and not appealable as of right.

So this appeal is dismissed without prejudice to the filing of a new appeal once a final judgment as been entered. The case is remanded to the trial court for further proceedings consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE

2